# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ROBERT E. FINE, *et al.*,                         :

                                Plaintiffs,                    Case No. 3:05-cv-294

                                                              Chief Magistrate Judge Michael R. Merz

    -vs-

HUFF'S INVESTMENT CO., INC.,
    *et al.*,

                                Defendants.            :

---

## DECISION AND ENTRY

---

This case is before the Court on Defendants Huff's Investment Co., Inc. ("Huff's") dba Wings Sports Bar and Grille ("Wings"), Dennis Huff ("Mr. Huff"), City of Vandalia ("Vandalia"), Donald Evers ("Officer Evers"), and the several John and/or Jane Does' Motion for Judgment on the Pleadings. (Doc. 11). The parties have briefed the issues, (*Id.,* Doc. 24[1]; 20), and the matter is ripe for decision on the merits.

The parties have consented to plenary magistrate judge jurisdiction pursuant to 28 U.S.C. §636(c) and the matter has been referred on that basis. (Doc. 6).

Plaintiffs Robert E. Fine, as father and next friend of David M. Fine, deceased, Lou Ann

---

[1] Plaintiffs originally filed their Response [sic] to Defendants' Motion for Judgment on the Pleadings on February 3, 2006. However, that document was deleted from the Court's electronic case filing system with instruction to Plaintiffs' counsel to re-file it using the correct certificate of service date. Plaintiffs did not re-file that pleading until April 14, 2006, more than two (2) months later and more than two (2) months after Defendants had filed their Reply.

Fine, as mother of David M. Fine, deceased, Lisa Wisecup, individually and as mother and next friend of the minor children Brandon Fine and Brooke Fine, (collectively "the Fine Plaintiffs") and Matthew Slivinski ("Mr. Slivinski") filed this action against Defendants in state court on August 10, 2005.  *Robert E. Fine, et al. v. Huff's Investment Co., Inc., et al.,*  Case No. 05-6218 (Court of Common Pleas Montgomery County, Ohio).  Defendants  removed this action to this Court on September 2, 2005, on the basis that this Court has original jurisdiction of Plaintiffs' 42 U.S.C. §1983 claims and supplemental jurisdiction over any state law claims. (Doc. 1).

Defendants have moved for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). In ruling on a motion for judgment on the pleadings, the Court must accept all the factual allegations of the complaint as true.  *Ziegler v. IBP Hog Mkt., Inc*., 249 F.3d 509, 511-12 (6th Cir. 2001); *Paskvan v. City of Cleveland Civil Serv. Comm'n.*, 946 F. 2d 1233, 1235 (6th Cir. 1991), citing *Beal v. Missouri Pacific R.R.,* 312 U.S. 45, 51 (1941).  The Court must then decide whether the moving party is entitled to judgment as a matter of law.  *Lavado v. Keohane,* 992 F. 2d 601, 605 (6th Cir. 1993).  This is the same standard applied in deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  *EEOC v. J. H. Routh Packing Co.*, 246 F. 3d 850, 851 (6th Cir. 2001).  With these principles in mind, the facts of this case for purposes of the present Motion are as follows.

On August 10, 2003, the decedent, David M. Fine (Mr. Fine), and Mr. Slivinski, after patronizing Wings Sports Bar and Grille and consuming alcoholic beverages, got into Mr. Fine's vehicle which Mr. Fine drove.  Mr. Fine was intoxicated.  At about 2:30 a.m., Officer Evers, an officer with the Vandalia police department, attempted to stop Mr. Fine's vehicle.  However, Mr. Fine failed to stop and continued to drive from Vandalia through a part of the City of Dayton, and ultimately into the City of Huber Heights.  Officer Evers pursued Mr. Fine's vehicle.  During this

process, Mr. Fine's vehicle was involved in a serious vehicular accident on Rip Rap Road in Huber Heights. As a result of the accident, Mr. Slivinski sustained serious personal injuries. Additionally, Mr. Fine sustained critical injuries and died as a result of those injuries.

In their Complaint, (Doc. 1, Attachment thereto), which is less than artfully drafted, Plaintiffs have raised numerous claims against the various Defendants. With the exception of those included in Count VI, Mr. Slivinski's claims are not the subject of the present Motion. The Fine Plaintiffs' claims include: (1) negligence against Vandalia and Officer Evers, (Count VI); (2) assault against Officer Evers (Count VII); (3) battery against Officer Evers (Count VII); (4) failure to properly "supervise and administer" against Vandalia (Count IX); (5) conspiracy against all Defendants (Count X); (6) deprivation of civil rights (pursuant to 42 U.S.C. §1983) against Vandalia and Officer Evers (Counts XII and XIV); and (7) intentional and/or negligent infliction of emotional distress against all Defendants (Count XIII). In addition, Plaintiffs Brooke Fine and Brandon Fine have made a claim for loss of filial consortium (Count XV). The Fine Plaintiffs seek an award of compensatory and punitive damages as well as fees and costs.

Defendants have moved to dismiss the Fine Plaintiffs' Complaint on the basis that they do not have standing to assert a wrongful death claim or survival claims on behalf of the decedent David Fine. Defendants have also moved to dismiss Count VI of Plaintiffs' Complaint on the basis that Officer Evers and the unnamed individual officers are entitled to immunity as to the claim for negligent operation of a motor vehicle. Defendants' position is that Plaintiffs have failed to allege that Officer Evers and the unnamed individual officers acted outside the scope of their employment or official responsibilities of that they acted with malicious purpose, bad faith, wantonness, or recklessness.

In their Response [sic] to Defendants' Motion, the Fine Plaintiffs essentially acknowledge that at the time they filed this action, no one had been appointed as the administrator, executor, or personal representative of David E. Fine's estate. (Doc. 24 at 1). Plaintiffs argue, however, that on February 14, 2006, an estate was opened in the Montgomery County Probate Court with Robert E. Fine appointed as the administrator. Plaintiffs' position is that the February 14, 2006, appointment of Robert E. Fine as administrator relates back to the August 10, 2005, filing of the Complaint thereby curing any defects in the wrongful death pleading. In addition, Plaintiffs acknowledge that Court VI does not specifically allege recklessness, maliciousness, willful and/or intentional conduct. However, Plaintiffs argue that in paragraph 27 of the Complaint, they have alleged that, "Officer Evers recklessly, malicious, and/or intentional conduct caused Mr. Fine to loose [sic] control of his vehicle and/or he was forced to loose [sic] control of his vehicle and/or was forced off the road" and that in paragraph 66, they "hereby reincorporates all preceding paragraphs as if fully rewritten herein". Essentially, Plaintiffs' position is that the language in paragraph 66 is sufficient to incorporate into Count VI the "reckless, malicious and/or intentional" language of paragraph 27.

In response, Defendants essentially argue that Plaintiffs' argument that the appointment of Robert E. Fine as the administrator of David Fine's estate relates back to the filing of the Complaint is premature because Plaintiffs have failed to amend the Complaint to reflect that appointment.

Ohio's wrongful death statute provides, in part, that "... a civil action for wrongful death shall be brought in the name of the *personal representative* of the decedent ...". O.R.C. §2125.01(A)(1) (emphasis added). In *Ramsey v. Neiman,* 69 Ohio St.3d 508, 512 (1994), the Ohio

4

Supreme Court held that a cause of action in wrongful death arising under R.C. Chapter 2125 must be brought in the name of a person appointed by a court to be the administrator, executor, or personal representative of the decedent's estate.

While wrongful death claims are asserted on behalf of the beneficiaries of a decedent's estate, claims for personal injury are asserted on behalf of the decedent for the benefit of his or her estate. A victim's right of action for personal injuries survives and passes to his or her personal representative. *Shinaver v. Szymanski,* 14 Ohio St.3d 51, 55 (1984).

The question which Plaintiffs raise in their Reply [sic] is whether the appointment of a personal representative would relate back to the filing of the complaint. The *Ramsey* court, noting that the appellant had not been appointed the administrator and that the record did not show any attempt on his part to become so appointed, specifically declined to address the issue "because the question is based on an assumed set of facts", *Ramsey,* 69 Ohio St.3d at 513.

This Court has before it a situation similar, although not identical, to the one faced by the *Ramsey* court. In support of their Reply [sic], Plaintiffs tendered to the Court copies of documents which purport to indicate that on February 14, 2006, the Probate Court of Montgomery County, Ohio appointed Robert F. Fine the administrator of David Fines' estate. (Doc. 24, Attachment thereto). That appointment purportedly happened some three (3) months after Defendants filed their present Motion and it has been over two (2) months since that purported appointment. Plaintiffs do not dispute that O.R.C. §2125.02 requires that a cause of action for wrongful death be brought in the name of the personal representative of the decedent. Nor do Plaintiffs dispute that claims for personal injuries asserted on behalf of a decedent must be brought by the personal representative . Nevertheless, Plaintiffs have made absolutely no attempt to amend

their Complaint to identify Robert E. Fine as the administrator of David E. Fine's estate or to bring the wrongful death and personal injury claims in the administrator's name. Defendants' Motion to Dismiss the Fine Plaintiffs' claims on the basis they do not have standing to raise wrongful death and personal injury claims is well taken.

The Court now turns to Defendants' Motion to Dismiss Count VI of the Complaint. As noted above, Defendants' position is that in Count VI, Plaintiffs seek to hold Officer Evers and unknown other officers liable for negligent operation of a motor vehicle. Plaintiffs do not dispute Defendants' argument that Ohio law does not permit a law enforcement officer to be held liable, in his or her individual capacity, for "negligent" operation of a motor vehicle. Rather, Plaintiffs essentially argue that their "reincorporate" language is sufficient to allege that Officer Evers and the other not-yet-identified officers acted in the requisite reckless, malicious and/or intentional manner.

Ohio Revised Code § 2744.02 provides in relevant part::

> (A) In a civil action brought against a political subdivision or an employee of a political subdivision to recover damages for injury, death, or loss of person or property allegedly caused by any act or omission in connection with a governmental or proprietary function, the following defenses or immunities may be asserted to establish nonliability:
> ...
> (6) In addition to any immunity or defense referred to in division (A)(7) of this section and in circumstances not covered by that division or sections 3324.07 and 3746.24 of the Revised Code, the employee is immune from liability unless one of the following applies:
>
> (a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities;
>
> (b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;
>
> (c) Civil liability is expressly imposed upon the employee by a

6

> section of the Revised Code. Civil liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon an employee, because that section provides for a criminal penalty, because of a general authorization in that section that an employee may sue and be sued, or because the section uses the term "shall" in a provision pertaining to an employee.

O.R.C. § 2744.03(A)(6).

Plaintiffs have couched their claim in Court VI as "Negligence Against City of Vandalia and Donald Evers and Jane or John Doe(s) #1, #2, #3 and/or #4". (Doc. 1, Attachment thereto at p. 9). In addition, Plaintiffs allege that Officer Evers "negligently operat[ed] his motor vehicle", that his conduct "constitute[d] negligence per se under Ohio Law", and that as a "result of Defendants' negligence per se, Mr. Fine and Mr. Slivinski were injured...". *Id.* at ¶¶ 68, 72, 73. Officer Evers and all unidentified individual police officers in their individual capacities are entitled to complete immunity as to any of Plaintiffs' negligence claims which they have raised in Count VI.

A motion for judgment on the pleadings, like a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), tests the legal sufficiency of the complaint as it is before the Court, not as it might be. The Motion for Judgment on the Pleadings is therefore granted. Plaintiffs may, not later than May 1, 2006, move to amend the Complaint to correct the deficiencies noted herein. Given the delays already encountered in litigating this case, no extension of time will be granted without the express consent of Defendants' counsel.

April 18, 2006.

                                            s/ Michael R. Merz
                                            Chief United States Magistrate Judge