IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ROBERT E. FINE, *et al.,* :

                Plaintiffs,

   -vs-

HUFF'S INVESTMENT CO.,
*et al.,*

                Defendants. :

Case No. 3:05-cv-294

Chief Magistrate Judge Michael R. Merz

**DECISION AND ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT**

This case is before the Court on Motions for Summary Judgment of Defendants Dennis Huff and Huff's Investment Co., Inc. (the "Huff Defendants")(Doc. No. 34) and of Defendants City of Vandalia, Ohio, and Donald Evers (the "Vandalia Defendants")(Doc. No. 35). Plaintiffs' memoranda in opposition were due to be filed on November 20 and November 27, 2006, respectively, but no opposition has been filed.

Because the parties have unanimously consented to plenary magistrate judge jurisdiction under 28 U.S.C. §636(c) and the case has been referred on that basis, the undersigned may properly decide these dispositive motions.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. On a motion for summary judgment, the movant has the burden of showing that there exists no genuine issue of material fact, and the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157-59 (1970).  Nevertheless, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in original). Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to "secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

Read together, *Liberty Lobby* and *Celotex* stand for the proposition that a party may move for summary judgment asserting that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict motion (now known as a motion for judgment as a matter of law. Fed. R. Civ. P. 50). *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989). If, after sufficient time for discovery, the opposing party is unable to demonstrate that he or she can do so under the *Liberty Lobby* criteria, summary judgment is appropriate. *Id*. The opposing party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be

granted." *Liberty Lobby,* 477 U.S. at 249-50, 106 S. Ct. at 2510-11 (citations omitted). "The mere possibility of a factual dispute is not enough." *Mitchell v. Toledo Hosp.*, 964 F. 2d 577, 582 (6th Cir. 1992)(quoting *Gregg v. Allen-Bradley Co.,* 801 F. 2d 859, 863 (6th Cir. 1986). Therefore a court must make a preliminary assessment of the evidence, in order to decide whether the plaintiff's evidence concerns a material issue and is more than de minimis. *Hartsel v. Keys*, 87 F. 3d 795 (6th Cir. 1996). "On summary judgment," moreover, "the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S. Ct. 993, 994, 8 L. Ed. 2d 176 (1962). Thus, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Liberty Lobby,* 477 U.S. at 249, 106 S. Ct. at 2510.

The moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex,* 477 U.S. at 323; *see also, Boretti v. Wiscomb,* 930 F.2d 1150, 1156 (6th Cir. 1991) (citation omitted). If the moving party meets this burden, the nonmoving party must go beyond the pleadings to show that there is a genuine issue for trial. *Matsushita*, 475 U.S. at 587; *Martin v. Ohio Turnpike Comm'n*., 968 F. 2d 606, (6th Cir. 1992), *cert. denied*, 506 U.S. 1054, 113 S. Ct. 979, 122 L.Ed.2d 133 (1993).

In ruling on a motion for summary judgment (in other words, determining whether there is a genuine issue of material fact), "[a] district court is not ... obligated to wade through and search

the entire record for some specific facts that might support the nonmoving party's claim." *Interroyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied,* 494 U.S. 1091 (1990). Thus, in determining whether a genuine issue of material fact exists on a particular issue, a court is entitled to rely only upon those portions of the verified pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties.

A fact is "material" if its resolution affects the outcome of the lawsuit. *Lenning v. Commercial Union Ins. Co.,* 260 F.3f 574, 581 (6th Cir. 2001). "Materiality is determined by the substantive law claim." *Boyd v. Baeppler,* 215 F.3d 594, 599 (6th Cir. 2000). An issue is genuine if a "reasonable jury could return a verdict for the nonmoving party." *Henson v. Nat'l Aeronautics & Space Admin.,* 14 F.3d 1143, 1148 (6th Cir. 1994), quoting *Anderson,* 477 U.S. at 248. Irrelevant or unnecessary factual disputes do not create genuine issues of material fact. *St. Francis Health Care Centre v. Shalala,* 205 F.3d 937, 943 (6th Cir. 2000). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact. *Simmons-Harris v. Zelman,* 234 F.3d 945, 951 (6th Cir. 2000), *rev'd on other grounds,* 536 U.S. 639 (2002). Thus, a factual dispute which is merely colorable or is not significantly probative will not defeat a motion for summary judgment which is properly supported. *Kraft v. United States,* 991 F.2d 292, 296 (6th Cir.), *cert. denied* 510 U.S. 976 (1993); *see also, Int'l Union United Auto., Aerospace & Agriculture Implement Workers of America v. BVR Liquidating, Inc.,* 190 F.3d 768, 772 (6th Cir. 1999), *cert. denied* 529 U.S. 1076 (2000).

The party opposing the motion may not "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact" but must make an affirmative showing with proper evidence

4

in order to defeat the motion. *Street,* 886 F.2d at 1479. A party opposing a motion for summary judgment must designate specific facts in affidavits, depositions, or other factual material showing "evidence on which the jury could reasonably find for the [non-moving party]." *Anderson,* 477 U.S. at 252. If, after sufficient opportunity for discovery, the non-moving party is unable to meet his or her burden of proof, summary judgment is clearly proper. *Celotex Corp.,* 477 U.S. at 322-23.

The party who bears the burden of proof must present a jury question as to each element of the claim. *Davis v. McCourt,* 226 F.3d 506, 511 (6th Cir. 2000). Failure to prove an essential element of a claim renders all other facts immaterial for summary judgment purposes. *Elvis Presley Enterprises v. Elvisly Yours, Inc.,* 936 F.2d 889, 895 (6th Cir. 1991).

The Court may grant summary judgment on the issue of causation when warranted. *Bailey v. Floyd County Bd. or Education.,* 106 F.3d 135, 145 (6th Cir, 1997). For example, reliance solely on the fact that an adverse employment decision occurred after the alleged protected conduct is insufficient. *Id.* at 144-45. "A mere scintilla of evidence is [likewise] insufficient" to create a genuine issue of material fact. *Landham v. Lewis Galoob Toys, Inc.,* 277 F.3d 619, 622 (6th Cir. 2000).

**Analysis**

Based on prior decisions the Court has rendered in this case, Matthew Slivinski is the sole remaining Plaintiff. Mr. Slivinski asserts eight claims for relief against the Huff Defendants, including failure to train and supervised (Count One), premises liability under the Dram Shop Act (Count Two), negligence *per se* (Count Three), respondeat superior liability (Count Four), personal

liability as a result of piercing the corporate veil (Count Five), conspiracy (Count Ten), intentional and/or negligent infliction of emotional distress (Count Thirteen) and punitive damages (Count Sixteen).

In his deposition (Doc. No. 37), Mr. Slivinski admitted the following facts: On the evening of August 9, 2003, at around 10:00, David Fine drove Plaintiff to an establishment known as BW3's in Huber Heights to meet a mutual acquaintance. During their two-hour stay, Mr. Fine consumed only one alcoholic beverage. Mr. Fine then drove Mr. Slivinski to the Huff Defendants' establishment, Wings Sports Bar and Grille, in Vandalia. They were there approximately two hours, during which Mr. Slivinski believes Mr. Fine may have consumed one beer. Mr. Slivinski had known Mr. Fine for some years and was familiar with his characteristics when he was intoxicated. He would not have allowed Mr. Fine to drive him on the morning of August 10, 2003, if he had believed that Fine was intoxicated. The drive toward Huber Heights proceeded uneventfully until Mr. Fine became aware that a police cruiser with its lights and siren activated was trying to pull them over. Instead of pulling over, Mr. Fine sped up, lost control of the car on a curve, left the roadway and hit a tree, and died.

This Court has subject matter jurisdiction over the claims against the Huff Defendants because those claims are pendent to a claim under 42 U.S.C. §1983 made against the Vandalia Defendants. Because Plaintiffs claims for relief arise from Ohio law, this Court is bound to apply Ohio law to deciding those claims. 28 U.S.C. §1652; *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938).

Under Ohio law, the sole basis for imposing liability on a liquor permit holder for injury to a third party as a result of actions of an intoxicated patron of the permit holder is the Dram Shop Act,

Ohio Revised Code § 4399.18. *Jackson v. Walker*, 2006 Ohio 4351, 2006 Ohio App. LEXIS 4270 (Ohio App. 9th, August 23, 2006); *Cummins v. Rubio*, 87 Ohio App.3d 516 at 521 (2d Dist. 1993). Accordingly, all of Plaintiff's claims against the Huff Defendants except the Dram Shop claim (Count Two) must be dismissed for failure to state a claim upon which relief can be granted.

With respect to Count Two, Ohio Revised Code § 4399.18 permits the imposition of liability only when a permit holder knowingly serves alcohol to an intoxicated person. *Tillet v. Tropicana Lounge & Restaurant, Inc.*, 81 Ohio App.3d 46, 48 (9th Dist. 1991). Plaintiff himself admits that Mr. Fine did not appear to be intoxicated. He therefore cannot recover from the Huff Defendants for selling alcohol to him, even assuming that it was Fine's intoxication which resulted in the crash.

Mr. Slininski has sued the Vandalia Defendants for negligence (Count One), various intentional torts (Counts Seven, Eight, and Thirteen), failure to properly supervise and administer (Count Nine), conspiracy (Count Ten), loss of filial consortium (Count XV), and deprivation of civil rights as protected by 42 U.S.C. §1983 (Counts XII and XIV).

Plaintiff's suit against Defendant Officer Evers in his official capacity is the legal equivalent of a suit against the City of Vandalia. *Kentucky vs. Graham*, 473 U.S. 159 (1985). Plaintiff cannot prevail on any §1983 claims against the City because he has not identified any policy or custom of the City which resulted in his injuries. *See Monell v. New York City Dept. of Social Services,* 436 U.S. 658 (1978)*; Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986).

The federal courts apply a "deliberate indifference" standard to determine whether a municipality so inadequately trained its personnel as to be liable under 42 U.S.C. § 1983. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388-89 (1989). "'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious

consequence of his action." *Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 410 (1997). To recover on a failure to train claim, the plaintiff must prove (1) the training or supervision was inadequate for the tasks performed; (2) the inadequacy was the result of the municipality's deliberate indifference; and (3) the inadequacy was closely related to or actually caused the injury." *Ellis, ex rel. Pendergrass, v. Cleveland Mun. School Dist.*, 455 F.3d 690, 700 (6th Cir.2006). Plaintiff simply has tendered no evidence whatsoever about Vandalia's training of Officer Evers.

In shotgun fashion, Plaintiff has alleged that the Vandalia Defendants deprived him of rights under the First, Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments. The claims under the First, Fifth, Eighth, and Ninth Amendments are completely unexplained. Under the circumstances of this case, given the relatively slow speeds at which Officer Evers pursued Mr. Fine, there is no conduct which shocks the conscience, thereby giving rise to a Fourteenth Amendment violation. *See County of Sacramento v. Lewis*, 523 U.S. 833(1998). Plaintiff has failed to state, or offer any proof in support of, a claim under the Equal Protection Clause. Nor has he offered any evidence at all of conspiracy, even assuming a conspiracy between Officer Evers and his employing municipality were legally possible.

The Court has already held that the Vandalia Defendants cannot be found liable on Count VI because of the bar of Ohio Revised Code Ch. 2744 (See Doc. No. 25). The same rationale applies to Counts XI, XII, XIII, and XIV. The acts of Officer Evers were within his scope of employment and done while responding in the course of his duties to his obligation to stop Mr. Fine, especially after he was observed to be tailgating another car.

Plaintiff's assault and battery claims are barred by the relevant one-year statute of

limitations, Ohio Revised Code § 2305.111(B) in that the incident happened on August 10, 2003, and suit was not brought until August 10, 2005.

Vandalia is immune from any intentional tort claims made in the Complaint. *Wilson v. Stark Cty. Dept. of Human Serv.*, 70 Ohio St. 3d 450, 452 (1994). Officer Evers is also immune under Ohio Revised Code § 2744.03(A)(6).

## Conclusion

The Court concludes that there are no genuine issues of material fact and that Defendants are entitled to judgment as a matter of law. Defendants' summary judgment motions are granted. The Clerk will enter judgment dismissing the Complaint herein with prejudice.

November 29, 2006.

s/ Michael R. Merz
Chief United States Magistrate Judge